UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC[1]. | Case No. 8-18-71748 (AST) |
| Debtors. | (Jointly Administered) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 8-20-08044 (AST) |
| Plaintiff, | |
| v. | |
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., | |
| Defendant(s). | |

## CASE MANAGEMENT AND DISCOVERY PLAN

Plaintiff, Howard Ehrenberg, in his capacity as Liquidating Trustee of Orion Healthcare, Inc. (the "Plaintiff") and Defendant American Express Travel Related Services Company, Inc. ("Defendant"), by and through their undersigned counsel of record, (collectively "the Parties") stipulate as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

The Parties in the above-captioned adversary proceeding (the "Adversary Proceeding"), respectfully request the following Discovery Plan apply to the Adversary Proceeding. The Discovery Plan is submitted in compliance with the Initial Scheduling Order issued by the Court and in accordance with Fed. R. Civ. P. 16(b) and 26(f).

1. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than April 6, 2021.

2. The parties have met and conferred regarding documents maintained in electronic format. Plaintiff has identified the issue of the Debtors' servers, some of which have been coded into a searchable format while others of which would require additional time and expenditures. Defendant has not yet identified potential issues with respect to documents maintained in electronic format. The parties will cooperate to facilitate the exchange of relevant evidence stored in any electronic format.

3. All written and document fact discovery between the parties shall be completed no later than September 30, 2021.

4. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure ("Civil Rules"), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Eastern District of New York ("Local Bankruptcy Rules"). The parties anticipate discovery on the subject transfers, the basis for and the circumstances surrounding the issuance of cards and the payments.

5. Mediation. The Parties desire and agree to attend mediation but believe such mediation is best utilized after the Parties have had the opportunity to conclude written and document fact discovery after which time they will either agree to a private mediator or select a mediator from the Mediation Register of the Eastern District of New York, United States

Bankruptcy Court. The Parties will jointly file a stipulation (the "Stipulation") with the Court advising of the selection of a mediator and the date proposed for mediation, which date will be scheduled prior to the continued Pre-Trial Conference.

6. Motions. All motions and applications shall be governed by the Civil Rules, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements. Pursuant to the authority provided by Fed. R. Civ. P. 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto *(see* Local Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of expert discovery.

7. Pre-Trial Conference. The Pre-Trial Conference is adjourned to **October 5, 2021 at 2:00 pm**.

This ORDER may not be modified, or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend any deadline established by this Order shall be made in a written application no less than five (5) days prior to the expiration of the date sought to be extended.

Dated:  March 16, 2021

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP**<br>Attorneys for Plaintiff Howard M. Ehrenberg, in his capacity of Liquidating Trustee of Orion Healthcorp, Inc., *et al*<br><br>By:   */s/ Jeffrey P. Nolan*<br>       Ilan D. Scharf, Esq.<br>       Jeffery P. Nolan, Esq., (Pro Hac Vice)<br>       780 Third Avenue, 34th Floor<br>       New York, NY 10017<br>       Tel: (212) 561-7700<br>       Email:  ischarf@pszjlaw.com<br>                   jnolan@pszjlaw.com | **ARNALL GOLDEN GREGORY LLP**<br>Counsel for Defendant American Express Travel Related Services Company, Inc.<br><br><br>By:   */s/ Darryl S. Laddin*<br>       Darryl S. Laddin, Esq.<br>       Maureen P. McAneny, Esq.<br>       171 17th Street NW, Suite 2100<br>       Atlanta, GA 30363<br>       Tel: 404.873.8120<br>       Email: darryl.laddin@agg.com<br>                  maureen.mcaneny@agg.com |

**SO ORDERED:**



Dated: March 25, 2021　　　　　　　　　　　　　　　　　_____
Central Islip, New York　　　　　　　　　　　　　　　　　**Alan S. Trust**
　　　　　　　　　　　　　　　　　　　　　　　　**Chief United States Bankruptcy Judge**

4